IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BRUZZONE,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, et al.,<br><br>Defendants.<br>_____ / | No. C 14-01279 WHA<br><br>**ORDER STRIKING COMPLAINT, DENYING AS MOOT PENDING MOTIONS, AND VACATING CASE MANAGEMENT CONFERENCE** |

In 2008 and 2009, *pro se* Michael Bruzzone commenced two sealed actions in this district. *See* Nos. 3:08-cv-04169-WHA, 3:09-cv-00679-WHA. Both actions were terminated.

In 2013, Mr. Bruzzone, through counsel, filed a *qui tam* action under the False Claims Act, 31 U.S.C. 3729–3733. *Bruzzone v. Intel Corporation, et al.*, No. 3:13-cv-03729-WHA (N.D. Cal. Aug. 12, 2013). The United States declined to intervene. Mr. Bruzzone then, on at least two occasions, stated that "he is not in the financial position to fund this action without government intervention." In January 2014, the United States provided written consent to dismissal (Dkt. Nos. 8, 9, 20). Nonetheless, a hearing was held.

His counsel withdrew and Mr. Bruzzone "substitute[d] himself as his own counsel, In Pro Se" (Dkt. No. 25). After oral argument where Mr. Bruzzone and the United States were heard, the action was dismissed (Dkt. Nos. 31, 32). A *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States. *See United States ex rel. Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1127 (9th Cir. 2007). It would be to the detriment of

1   our country to have a *pro se* litigant without resources proceed on behalf of the United States via

2   a *qui tam* action. That ended forever Mr. Bruzzone's *qui tam* action.

3       At the hearing, Mr. Bruzzone stated (Feb. 27, 2014 H'rg. Tr. at 3, 6–9):

> MR. BRUZZONE: . . . It's true, your Honor, I'm not continuing with the qui tam because I don't have the resources, nor does [former counsel] Mr. Bauer have the resources or the specialty knowledge to do so.
>
> \*          \*          \*
>
> THE COURT: Were you . . . employed by Intel at some point?
>
> MR. BRUZZONE: By Intel? . . . I was employed by Intel as a consultant to consult on anti competitive practices observed in the field in August of 1997.
>
> \*          \*          \*
>
> THE COURT: When is the last time you ever worked for Intel as an employee? . . .
>
> MR. BRUZZONE: I was a consultant in '97, your Honor.

    In the wake of the dismissal and judgment, Mr. Bruzzone, still without counsel, filed his own purported individual lawsuit against Intel Corporation and "Advanced RISC Machines, Inc." *Bruzzone v. Intel Corporation, et al.*, No. 3:14-cv-01279-WHA (N.D. Cal. Mar. 19, 2014). The problem is that his complaint is replete with 78 references to him as a "relator." He has also moved for time to "correspond" with "Attorney General [Eric] Holder, President Obama, [Assistant U.S. Attorney] Sara Winslow, Congress, United States Department of Labor, Office of Special Counsel, United States Merit Systems Protection Board, General Services Administration, [and] Federal Trade Commission Investigator Generals of many agencies."

    *Pro se* Michael Bruzzone *is not* a relator. *The United States is in no way involved with this action*. The United States declined to intervene and consented to dismissal of the *qui tam* action months ago. Therefore, Mr. Bruzzone's complaint is **STRICKEN IN ITS ENTIRETY**. The two pending motions to dismiss and Mr. Bruzzone's motion for time to correspond with the government are **DENIED AS MOOT** (Dkt. Nos. 11, 16, 37).

    Mr. Bruzzone may file a first amended complaint by **NOON ON JUNE 4**, or this action will be dismissed. It shall make no reference whatsoever to "relator," "*qui tam*," or the False Claims

2

Act, or imply in any way that he is acting on behalf of the United States. If the new pleading in any way suggests that he is acting on behalf of the United States, the pleading will be dismissed without leave to amend again. Mr. Bruzzone would be well advised to review the two motions to dismiss and address the deficiencies identified therein before he files his first amended complaint. The June 19 case management conference is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3