UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL A. BRUZZONE,**<br>    **Plaintiff,**<br>    v.<br>**INTEL CORPORATION** *et al.*,<br>    **Defendants.** | Case No.: 14-CV-01279-WHA<br><br>**ORDER DENYING MOTION OF PLAINTIFF FOR JUDICIAL RECUSAL OF THE HONORABLE WILLIAM H. ALSUP** |

On June 4, 2014, *pro se* plaintiff Michael A. Bruzzone filed a motion pursuant to Section 144 of Title 28 of the United States Code, which motion seeks to disqualify the Honorable William H. Alsup on the grounds of "bias, prejudice, and discrimination." (Dkt. No. 54.) On June 9, 2014, Judge Alsup referred plaintiff's motion for reassignment pursuant to Civil Local Rule 3-15, and the motion was assigned to the undersigned judge. Having carefully considered the papers submitted and the filings in this action, and for the reasons set forth below, the Court **DENIES** plaintiff's motion.[1]

**I.    BACKGROUND**

The False Claims Act, codified at 31 U.S.C. §§ 3729-3733, "permits individuals, known as 'relators,' to file suit on behalf of the United States seeking damages from persons who file false

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court decides the motion without oral argument.

1 claims for government funds." *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1041 (9th Cir.
2 2012) (citing 31 U.S.C. § 3730(b)(1)). In prior proceedings in 2013, plaintiff, acting through
3 counsel, brought a *qui tam* action under the False Claims Act in this District, naming as defendants
4 Intel Corporation ("Intel") and others. The case was assigned to Judge Alsup as Civil Case No. 13-
5 3729.

6 On February 27, 2014, Judge Alsup dismissed plaintiff's *qui tam* action without prejudice
7 after the United States declined to intervene and plaintiff asserted, both in writing and at a hearing
8 held before Judge Alsup, that he lacked the financial resources to prosecute the *qui tam* action on
9 behalf of the United States. (Case No. 13-3729, Dkt. No. 31.)

10 On March 19, 2014, plaintiff commenced the instant action by filing a seventy-two page
11 individual complaint against Intel and others. (Dkt. No. 1.) The complaint was styled a "Federal
12 Relator Civil Complaint." (*Id.*) It alleged two purported claims, "conspiracy to defraud on deceit"
13 (*id.* ¶¶ 93-137) and "gross negligence" (*id.* ¶¶ 138-52).[2]

14 On May 21, 2014, Judge Alsup struck the complaint. (Dkt. No. 51 ("May 21 Order").)
15 Judge Alsup's May 21 Order forms the basis of plaintiff's allegations of improper bias. In the May
16 21 Order, Judge Alsup related the procedural history of plaintiff's previous *qui tam* actions against
17 Intel. (*Id.* at 1-2.) Judge Alsup stated that his dismissal of Case No. 13-3729 "ended forever
18 [plaintiff's] qui tam action." (*Id.* at 2.) Judge Alsup then noted that plaintiff's newly filed
19 Complaint was "replete with 78 references to [plaintiff] as a 'relator.'" (*Id.*) Judge Alsup stated that
20 "[a] *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States." (*Id.* (citing
21 *United States ex rel. Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir.
22 2007)).) He further stated that plaintiff "*is not* a relator" and that "*[t]he United States is in no way
23 involved with this action*." (*Id.* (emphases in original).) Judge Alsup struck the complaint and gave
24 plaintiff leave to file an amended complaint by a date certain. (*Id.*) Judge Alsup ordered that any
25 amended complaint "shall make no reference whatsoever to 'relator,' '*qui tam*,' or the False Claims
26 Act, or imply in any way that [plaintiff] is acting on behalf of the United States." (*Id.* at 2-3.)

---

[2] Outside the complaint, plaintiff describes the case as "an individual antitrust [and] civil RICO suit[.]" (Dkt. No. 54 at 10.)

2

Judge Alsup warned: "If the new pleading in any way suggests that [plaintiff] is acting on behalf of the United States, the pleading will be dismissed without leave to amend again.  [Plaintiff] would be well advised to review the two motions to dismiss and address the deficiencies identified therein before he files his first amended complaint."  (*Id.* at 3.)

Plaintiff's motion contends that Judge Alsup's May 21 Order evinces bias in its refusal to acknowledge plaintiff's status as a relator, its warning that continuing to assert such status would result in dismissal with prejudice, its statement that dismissal of plaintiff's previous *qui tam* action ended that action "forever," and in its act of striking plaintiff's complaint.

**II.    LEGAL STANDARD**

When a party to a proceeding believes that the judge might have "a personal bias or prejudice" against him, he may file an affidavit seeking recusal of that judge.  28 U.S.C. § 144. The affidavit must specifically allege "facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Silba*, 624 F.2d 864, 867 (9th Cir. 1980).  "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011) *aff'd sub nom. Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012) (quoting *Torres v. Chrysler Fin. Co.*, Case No. C-07-00915 JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007).

The standard for recusal or disqualification is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).  This standard does not mandate recusal upon an "unsubstantiated suspicion of personal bias or prejudice." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citations omitted).  "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *See Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring).  An adverse judicial ruling is not an adequate basis for recusal. *Id.* at 549.  Nor may parties "attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity." *United States v. McTiernan*, 695 F.3d 882, 891 (9th

Cir. 2012) cert. denied, 133 S. Ct. 964 (U.S. 2013) (quoting *United States v. Frias-Ramirez*, 670 F.2d 849, 853 n.6 (9th Cir. 1982)).  Absent some evidence of bias or prejudice originating outside of a proceeding, a judge's rulings may be considered as a basis for disqualification "only in the rarest circumstances."  *Liteky*, 510 U.S. at 555 ("Almost invariably they are proper grounds for appeal, not for recusal.").

### III. DISCUSSION

The Court has carefully reviewed plaintiff's affidavit and concludes that plaintiff has articulated no facts that could form a legitimate basis upon which to disqualify Judge Alsup from presiding over plaintiff's case.  Plaintiff identifies no evidence of bias beyond Judge Alsup's judicial rulings.  *See United States v. Coleman*, 918 F.2d 181 (9th Cir. 1990) ("A judge's rulings while presiding over a case do not constitute extrajudicial conduct.") (citing *Nilsson v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988)).  While plaintiff relies solely on adverse rulings Judge Alsup made against him, "[a]dverse findings do not equate to bias."  *Johnson*, 610 F.3d at 1148.  To the extent that plaintiff suggests that Judge Alsup's choice of words is itself evidence of bias, the Court finds that suggestion misplaced.  The language suggests that Judge Alsup was being emphatic, nothing else.  Even "expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality . . . ."  *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *Liteky*, 510 U.S. at 555-56); *see also Ortiz v. Stewart*, 149 F.3d 923, 940 (9th Cir. 1998) (no impartiality where "comments made by the judge after the court had examined the pleadings and stipulations simply reflected that the judge was appropriately upset with petitioners' conduct" (internal quotation marks and brackets omitted)).  Stern speech alone provides no basis for recusal.  *See Liteky*, 510 U.S. at 555-56.  Similarly, to the extent that plaintiff's motion reflects personal umbrage at Judge Alsup's ruling that plaintiff is not a "relator" (*see* Dkt. No. 54 at 17-24), that umbrage does not supply grounds for recusal.

Plaintiff fails to articulate any facts that tend to show that Judge Alsup is biased against him personally.  "There is simply no evidence that the judge acted out of an improper or corrupt motive."  *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1221 (9th Cir. 2014).  This case is not one of the rare circumstances in which disqualification should be granted based on a

judge's rulings.  *See Liteky*, 510 U.S. at 555.  The adequacy of Judge Alsup's rulings is properly saved for appeal, if any.  *See id.*

## IV. CONCLUSION

Plaintiff's motion is **DENIED**.  The above-styled case remains before Judge Alsup.

This Order terminates Docket No. 54.

**IT IS SO ORDERED**.

Date: June  17, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**