IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. BRUZZONE,

    Plaintiff,

v.

INTEL CORPORATION, et al.,

    Defendants.

No. C 14-01279 WHA

**ORDER GRANTING INTEL'S MOTION TO DECLARE MICHAEL BRUZZONE A VEXATIOUS LITIGANT**

**INTRODUCTION**

The essence of this matter is that our plaintiff has relentlessly pursued defendant manufacturer in a series of lawsuits that have now become extremely far-fetched and abusive. On motion, this order finds that plaintiff is a vexatious litigant, at least as to litigation involving defendant and its employees, and will impose pre-filing restrictions.

**STATEMENT**

*Pro se* plaintiff Michael A. Bruzzone describes himself as a "Relator" who became involved in investigating alleged "antitrust and espionage violations occurring domestically in the x86 microprocessor industry." He allegedly participated in the Federal Trade Commission's investigation of defendant Intel Corporation in 1998 and 1999 (Compl. ¶¶ 18, 19, 21, 23). But he is not a "relator" and the United States is *not* a party to this civil action.

In 1999, Mr. Bruzzone filed a *pro se* complaint against Intel Corporation and others in Santa Clara County Superior Court. *See Bruzzone v. Intel Corporation, et al.*, No. 1:99-cv-779409 (Santa Clara Sup. Ct. Jan. 20, 1999) (Judge Mark Pierce). In 2001, he — via counsel

Leshin & Dincel LLP — filed a second amended complaint alleging eighteen claims, including, *inter alia*, stalking, fraud, intentional interference with prospective business advantage, defamation, intentional infliction of emotional distress, breach of contract, and unfair business practices. The action settled with confidential terms, but it "remains open for the purpose of allowing the Court to enforce the settlement" (Faulkner Decl. ¶¶ 17, 19, 20, Exhs. P, R).

In 2008 and 2009, Mr. Bruzzone filed two sealed actions in this district. *See* Nos. 3:08-cv-04169-WHA, 3:09-cv-00679-WHA. Both were terminated.

In 2010, Mr. Bruzzone was found "guilty of five counts of contempt of court for failure to obey" an October 2006 permanent injunction entered in the 1999 action. Judge James Emerson of Santa Clara County Superior Court found that Mr. Bruzzone "willfully disobeyed" the permanent injunction by: (1) initiating correspondence in July 2009 with four Intel executives with whom contact and correspondence were prohibited; (2) initiating email correspondence in August 2009 with an Intel executive with whom contact and correspondence were prohibited; (3) attempting to initiate telephone contact in August 2009 with an Intel executive with whom contact and dialogue were prohibited; (4) initiating email correspondence in August 2009 with an Intel executive with whom contact and correspondence were prohibited; and (5) initiating a second email correspondence in August 2009 with an Intel executive with whom contact and correspondence were prohibited (Faulkner Exh. T).

In 2011, plaintiff filed a *pro se* complaint against Intel Corporation in Santa Clara Superior Court. *See Bruzzone v. Intel Corporation*, No. 1:11-cv-213829 (Santa Clara Sup. Ct. Nov. 29, 2011) (Judge Peter Kirwan). The complaint alleged eleven claims, including, *inter alia*, "Constructed Fraud to Misprison [sic] Federal Reporter," "Corporate & Attorney Cover Up to Conceal Network Crime," "Interference w/ Prospective Business Advantage," and "Retaliation." Paragraph 32 to the complaint stated (Faulkner Exh. I at ¶ 31–32) (emphasis omitted):

> 31   Intel agent objectives are three fold, first to depress into drug addiction, second to depress into suicide, third is to target for assassination stimulating cardiac arrest by agent implemented drug overdose including bating with drug as set up to record abuse, suspect stunning with Tazer, rewarding with drugs trapped in the confines of 11 foot by 11 foot space where handlers implement Staton DeGrandpre behavioral-pharmacologic conditioning, inject coming in and out of sedation confined in that space, and

2

> transported by car, interrogate in quasi lucent state know by Burkes reported too and allowed to escape by California Department of Justice, gassing, suspect electrocution and in one instance just avoiding what seems to be Anastasia in preparation for plaintiff's castration.
>
> 32  Mr. Bruzzone becomes strange attractor trapped as mad within operative's environmental illness where the crime ring comes back for more and through successive stings Mr. Bruzzone records and reports to FBI and Department of Justice in near real time the activities of a hit squad.

The action, according to Mr. Bruzzone, arose "under Department of Labor code, Federal false claims act, State and Federal antitrust and civil law" (*id*. at ¶ 62). In 2012, he filed a *pro se* first amended complaint alleging eleven claims, including, *inter alia*, "Undue Influence, Duress, Manipulate Unsound Mind," "Violation of Federal Civil Rights; 42 USC 1983, 42 USC 1985, 42 USC 1986," "Intent to Destroy Plaintiff Beyond the Bounds of Fair Competition and Fair Play," "False Light," and "Gross Negligence." Judge Peter Kirwan described Mr. Bruzzone's claims as "unintelligible" and/or "time-barred." Intel's demurrer was sustained, although Mr. Bruzzone was permitted to amend the false light claim. Mr. Bruzzone then filed a second amended complaint seeking to "overrule" defendant's demurrer on "racketeering influenced organization's decade of obstruction in cartel case matter" and "witness character assassination." Intel's demurrer was sustained and Judge Kirwan stated: "Plaintiff's allegations are so confusing that Intel cannot reasonably respond" (Faulkner Decl. ¶¶ 10, 12–15; Exhs. I, K, L, M, N). The decision was affirmed by the California Court of Appeal for the Sixth Appellate District, which stated that Mr. Bruzzone's argument was "brief and perplexing" (Second Supp. RJN, Exh. 1).

In October 2012, an order renewing Intel's permanent injunction was entered by Judge Mark Pierce. The permanent injunction is currently in effect. In the main, Mr. Bruzzone is to stay at least one hundred feet from Intel's buildings, is to stay at least fifty feet from certain Intel personnel, and cannot commence any communications and/or dialogue concerning Intel with certain Intel personnel. Violations of the permanent injunction are "punishable by one year in jail, a $1,000 fine, or both, or may be punishable as a felony" (Dkt. No. 67-2).

In 2013, Mr. Bruzzone, via Attorney R. Kenneth Bauer, filed a *qui tam* complaint. *See Bruzzone v. Intel Corporation, et al.*, No. 3:13-cv-03729-WHA (N.D. Cal. Aug. 12, 2013). The

3

United States declined to intervene and consented to dismissal, without prejudice as to the United States (Dkt. Nos. 8, 20). In February 2014, Mr. Bruzzone "substitute[d] himself as his own counsel, In Pro Se" (Dkt. No. 25). At the third case management conference, Mr. Bruzzone made the following statements (Dkt. No. 36 at 8–9):

> THE COURT: When is the last time you ever worked for Intel as an employee? . . . .
>
> MR. BRUZZONE: I was a consultant in '97, your Honor.
>
> THE COURT: That was it? That's as close as you ever got to being an employee?
>
> MR. BRUZZONE: They brought me in to provide my assessment of the anticompetitive activities I had seen in the field in August of '97, and by May of 1998, I had been invited by Mr. Robert Cook with the Federal Trade Commission to assist in Docket 9288. That went on through 2001, all the period of which I was retaliated against. That actually accelerated and escalated into 2005, 2006. I'm a survivor of being made a target by people who I consider were a hit squad, attempts on my life through 2005.
>
> \*              \*              \*
>
> MR. BRUZZONE: I believe that there were detectives hired to assassinate me, your Honor, at that time . . . . The primary strategy is to create anxiety and depression and force you into various addictions, drug addictions, which they'd service and promote, and I believe that they were hoping that I would commit suicide and die by overdose.

His complaint was dismissed without prejudice and judgment was entered (Dkt. No. 31).

In March 2014, Mr. Bruzzone commenced the instant action by filing a *pro se* complaint (72 pages), titled "Federal Relator Civil Complaint." *See Bruzzone v. Intel Corporation, et al.*, No. 3:14-cv-01279-WHA (N.D. Cal. Mar. 19, 2014). The caption referenced Intel Corporation, "Advanced RISC Machines, Inc.," and various individuals ("Ms. Evangelina Almiranterena, Mr. Steve Lund, Dr. Harley Stock, Dr. Andrew Grove" and "Mr. Ian Drew, Ms. Yvonne Carey, Mr. Eric Shorn, Mr. Simon Segars, Mr. Ehab Youseff") as "Defendants." The complaint appeared to identify two claims: "Conspiracy to Defraud on Deceit" and "Gross Negligence" (Compl. ¶¶ 93–137, 138–152). Nonetheless, sprinkled throughout the complaint were references to numerous federal and state statutes and the Constitution, including, *inter alia*, the Sherman Act, the Clayton Act, 42 U.S.C. 1983, 42 U.S.C. 1985, and sections of the California Civil Code. The complaint

4

also made passing references to many criminal statutes, including, *inter alia*, the "Anti kick back [sic] Act of 1986," "Mail Fraud (18 U.S.C. 1341)," and "RICO [18 U.S.C.] 1961" (Compl. ¶¶ 8, 9, 11, 12, 53, 59, 64, 65, 77, 86, 89, 91, 92, 96, 134–37, 145, 150).

ARM, Inc. appeared stating that it was "erroneously sued as Advanced RISC Machines, Inc." and moved to dismiss. Intel moved to dismiss as well, identifying, *inter alia*, 24 federal laws mentioned in Mr. Bruzzone's complaint, which it argued was "unintelligible" (Dkt. No. 16).

In April 2014, Mr. Bruzzone filed a motion requesting "time to correspond to United States Attorney General Eric Holder, and President Obama" (Dkt. No. 37). He filed a declaration stating (Dkt. No. 53, Bruzzone Decl. ¶¶ 5, 33):

> [P]laintiff's motion [asks] for time to contact Attorney General Holder, President Obama, Ms. Sara Winslow, Congress, United States Department of Labor, Office of Special Counsel, United States Merit Systems Protection Board, General Services Administration, Federal Trade Commission Investigator Generals of many agencies to secure administrative relief including attorney representation as there is nothing standing in the way of my doing so on so many federal provisions for relief.
>
> \*       \*       \*
>
> For all these reasons, Mr. Bruzzone Motion that is time to correspond to Attorney General Mr. Eric Holder and President Obama, Congress, Department of Labor, Federal Trade Commission Investigator General, United States Department of Justice Investigator General for consideration to provide this federal civic servant United States Attorney representation, or Office of Special Counsel representation, or for the United States government to provide forms of relief available to all employees retaliated against, whether regular federal employee or invited federal civic service in technical assistant role, be supported and Mr. Bruzzone's motion upheld.

He continued to referred to himself as a "Relator."

In May 2014, counsel for Intel filed a letter briefing seeking a discovery stay. Counsel stated that they had conferred with "Mr. Bruzzone through email rather than by telephone or in person for safety reasons." Appended to Intel's letter was an email from Mr. Bruzzone to counsel for Intel, dated April 23, 2014, stating (Dkt. No. 44, Exh. C):

> Would it not be more efficient to just settle with me on negligence? Then put me under an NDA, to find out who the bad guys are for my personal protection, or Subpoena me as a witness where I will eventually discovery that in the specific proceeding. Or become my attorney . . . . I am a better witness than a plaintiff. It would be

5

> more effective for your actions that is not necessarily my action, but certainly annunciates the causes and reasons for my action.

His complaint herein was thereafter stricken. He was given until June 4 to file a first amended complaint (Dkt. No. 51).

The June 4 deadline passed. Plaintiff did not file a first amended complaint. There was and is no operative complaint in this action.

Mr. Bruzzone then filed a motion to disqualify the undersigned judge. On June 17, Judge Yvonne Gonzalez Rogers denied the motion (Dkt. No. 58).

The parties were then ordered to show cause why this action should not be dismissed. Mr. Bruzzone filed a response refusing to file a first amended complaint. With no operative complaint herein, the action was dismissed and judgment entered (Dkt. Nos. 72, 73). Mr. Bruzzone then filed an "appeal to the United States Court of Appeals for the Federal Circuit" (Dkt. No. 75). He has received permission to proceed *in forma pauperis* as to that appeal.

\*         \*         \*

Intel has now filed a motion to declare Mr. Bruzzone a vexatious litigant. Intel proposes the following pre-filing review:

> (1) any complaints or notices of appeal filed by Michael A. Bruzzone in the Northern District of California against Intel Corporation or any person employed or formerly employed by or associated with Intel shall be forwarded by the Clerk to this Court for pre-filing review; (2) if the Court ascertains that the complaint or notice of appeal is duplicative or frivolous, it will not be filed and will be returned to Mr. Bruzzone, but (3) if the Court finds that the proposed complaint or notice of appeal is not duplicative or frivolous, it will be given to the Clerk with instructions to file it, subject to payment of fees.

The deadline for Mr. Bruzzone to file an opposition passed and no response was timely filed. A July 2014 order gave plaintiff another chance to file a response. Mr. Bruzzone filed an opposition and Intel filed a reply (Dkt. Nos. 61, 80, 81). (To be clear, only Intel has moved to declare Mr. Bruzzone a vexatious litigant; ARM has not joined the motion.)

Mr. Bruzzone sent Intel's in-house counsel and numerous other recipients (including individuals with "usdoj.gov," "ftc.gov," and "ec.europa.eu" domain addresses) a lengthy email, dated July 23, 2014. Here are excerpts from Mr. Bruzzone's email with the subject line "Fm

6

Bruzzone Re Arrest Intel Attorneys William Faulkner and Jim McManis NOW" (Dkt. No. 83, Second Supp. Faulkner Decl. ¶ 2, Exh. 1) (all typographical errors in original):

> Please note my observation that it's time to arrest IntelcounselMr. William Faulkner and Mr. James Mcmanis for manipulating my civil actionsincluding many Judges participating to conceal minimally a $26,626,000,000cartel theft by Intel executives, marketing and sales employees.
>
> Mr. Faulkner and Mr. McManis are attorneys,forringmasters, engaged in cartelcrime ring that have been manipulating Bruzzone V Intel case matters for192 months,with their Secret service Affiliate Dr. Harley Stock, includinginfluencing many Superior Court and State Judges for a very long time.
>
> That is why all three of those aforementioned individual should bearrested now; for obstruction of justice, conspiracy to conceal felonyantitrust, criminal RICO and treason against the UnitedStates.
>
> And any who does not follow through on the arrest of Faulkner, McManisand Stock, will also have committed a treason; 18 USC 3 and 4; cognizant offelonies and cowards not to act.
>
> Ms. Almirantearena, you fire Messrs. Faulkner and Mcmanis NOW.Theyare not working for Intel.They are representatives of organized crime,and as a result,you may be as well.So please show all of us you arenot by dismissing Messrs. Faulkner and McManis from the Bruzzone casematter(s).
>
> \*   \*   \*
>
> Arrest Faulkner, McManis, Stock now, and the gang of detectives includinglaw agents engaged with them in their sting:  FBI, Secret Service, police, manyof their identities are known and their acts which aremultiple forms offelony criminal violations, targeting me, well recorded.
>
> And ask Governor Jerry Brown, Treasurer Bill Lockyer, Attorney Tom Greenewith the FTC who they are concealing at the FBI, Intel Corporate and privatedetectives, and ARM private detectives, and other law enforcement, along withDr. Stock, engaged in their sting to disqualify my witness status and to blockdiscovery of those targeting me in a felony crime.And all thewhilethey systematically strip me of myability to work, my finances, andindirectlystrip my family of their propertieson their blacklist andgroup boycott of my Intel competitive professional services in trade andcommerce.
>
> Arrest them now.

This order follows full briefing and oral argument.

**ANALYSIS**

1.  **REQUESTS FOR JUDICIAL NOTICE.**

Citing FRE 201(b) and *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803, n.2 (9th Cir. 2002), Intel has made fifteen requests for judicial notice in support of its motion to declare Mr. Bruzzone a vexatious litigant (Dkt. Nos. 63, 65, 78). Intel's requests as they pertain to Exhibits A, B, D, F, I, K, L, M, P, Q, R, S, and T to the Declaration of William Faulkner, Exhibit 1 to the Supplemental Declaration of William Faulkner, and Exhibit 1 to the Second Supplemental Declaration of William Faulkner are **GRANTED**. The remainder of the requests, to the extent not relied upon in this order, are **DENIED AS MOOT**.

2.  **MOTION TO DECLARE MR. BRUZZONE A VEXATIOUS LITIGANT.**

Our court of appeals has recognized the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990). Our court of appeals has stated:

> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered.

*Ringgold-Lockhart v. Cnty. of Los Angeles*, No. 11-57231, 2014 WL 3805579, at *2 (9th Cir. Aug. 4, 2014) (internal quotation marks omitted; citing *De Long*). Although pre-filing review orders are an "extreme remedy that should rarely be used," "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De Long*).

   A.  **Notice and Opportunity to be Heard.**

The first procedural requirement is satisfied. Mr. Bruzzone has had notice and an opportunity to be heard. He was promptly served with Intel's motion and reminded of the

8

August 14 hearing date in a July order (Dkt. Nos. 68, 79, 80). Mr. Bruzzone filed an opposition to the motion and noted that the "time of Intel['s] motion . . . is August 14, 2014" (Opp. 4). On the noticed hearing date, the matter was called. Defense Attorney James McManis was present but Mr. Bruzzone did not appear. Mr. Bruzzone has had notice and an opportunity to be heard.

### B. Adequate Record.

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," although the court need not list every case filed by the litigant. *Molski*, 500 F.3d at 1059 (internal quotation marks omitted). This order has already summarized the actions, orders, and briefs relevant to the motion herein. To repeat, Mr. Bruzzone has filed at least two state actions and four federal actions (including this one) against Intel Corporation based on many of the same underlying facts.

- *Bruzzone v. Intel Corporation, et al.*, No. 99-779409 (Santa Clara Sup. Ct. 1999);
- No. 08-04169 (N.D. Cal. 2008);
- No. 09-00679 (N.D. Cal. 2009);
- *Bruzzone v. Intel Corporation*, No. 11-213829 (Santa Clara Sup. Ct. 2011);
- *Bruzzone v. Intel Corporation, et al.*, No. 13-03729 (N.D. Cal. 2013);
- *Bruzzone v. Intel Corporation, et al.*, No. 14-01279 (N.D. Cal. 2014) (this action).

In 2010, Mr. Bruzzone was found "guilty of five counts of contempt of court for failure to obey" a court order. The California Court of Appeal for the Sixth Appellate District has found Mr. Bruzzone's arguments "brief and perplexing" and a Superior Court judge has found Mr. Bruzzone's claims "confusing" and "unintelligible." In his *qui tam* action, the government incurred time and expense declining to intervene, consenting to dismissal, and appearing at hearings. In the instant action (to which the government is not a party), Mr. Bruzzone has filed a motion to contact senior government officials, including United States Attorney General Eric Holder and President Barack Obama, along with Assistant U.S. Attorney Sara Winslow, the Department of Justice, Congress, and various agencies. He has filed a motion to disqualify the undersigned judge (denied by Judge Gonzalez Rogers), and Intel has filed a motion to declare him a vexatious litigant. In addition, some of the emails Mr. Bruzzone has sent are distressing. Most

9

1  recently, Mr. Bruzzone has asked members of the United States Department of Justice to "Arrest
2  Intel Attorneys William Faulkner and Jim McManis" of the firm McManis Faulkner and directly
3  emailed Intel's in-house counsel asking that they "fire Messrs. Faulkner and Mcmanis." This
4  order finds Mr. Bruzzone's email misguided and inappropriate.

5  Accordingly, there is an adequate record to review and this requirement is satisfied.

### C. Substantive Findings of Frivolousness and/or Harassment.

Before entering a pre-filing order, the district court must make substantive findings as to the frivolous and/or harassing nature of the litigant's actions. Our court of appeals has stated that "[t]o determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 2014 WL 3805579, at *4 (quotation marks omitted). Generally, this involves a finding that the number of claims made was inordinate and those claims were patently without merit. Our court of appeals has also stated that "the district court may make an alternative finding that the litigant's filings show a pattern of harassment," meaning several similar types of actions constituting an "intent to harass the defendant or the court." *Id*. at *4–5. Our court of appeals has stated that the Second Circuit's five-factor standard "provides a helpful framework" for this determination:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties." *Ringgold-Lockhart*, 2014 WL 3805579, at *5.

This order makes a substantive finding of harassment in light of Mr. Bruzzone's actions. This order finds that Mr. Bruzzone has a personal vendetta against Intel as evidenced by the six actions he has filed in state and federal court. All of these actions, the earliest one dating back to

10

1999, have related to Mr. Bruzzone's allegation that Intel has interfered with his "efforts to obtain and sustain employment" (Faulkner Exh. P). This is allegedly in "retaliation" for Mr. Bruzzone's conduct in 1998 and 1999.

None of Mr. Bruzzone's actions in federal and state court has survived the pleading stage. The allegations raised in his dismissed Santa Clara Superior Court action (affirmed by the California Court of Appeal) in many ways mirrored the actions he has brought in federal court — which defendants, the government, and the court have spent significant time and expense sifting through. His allegations have been characterized as "confusing" and "unintelligible." Mr. Bruzzone's representations are bizarre and hard to believe.

Nonetheless, Mr. Bruzzone was given a fair opportunity to file a proper first amended complaint, but he never did herein. He instead filed a motion to disqualify, which was found to lack any evidence of bias or facts that could form a legitimate basis upon which to disqualify. Mr. Bruzzone has misdirected government resources by filing unsuccessful "*qui tam*" actions and has sought "time to correspond" with senior government officials, including the President of the United States. Despite a permanent injunction prohibiting him from corresponding with Intel personnel, he violated that order and was found guilty of five counts of contempt. As recently as last month, Mr. Bruzzone sent an email to Intel's in-house counsel and the Department of Justice calling for the arrest of counsel from the firm of McManis Faulkner (Second Supp. Faulkner Decl. ¶ 2). On several occasions, Mr. Bruzzone has proceeded *pro se* and represented that he lacks resources. Nonetheless, he continues to file lengthy complaints, including a 72-page complaint referencing more than 24 federal statutes. His claims in this action and others are numerous and inordinate, seeming to arise from a bizarre belief that Intel has allegedly retaliated against him by trying to assassinate him by suicide. He accuses Intel of crimes and seeks to involve vast swaths of government resources investigating his claims, even though the United States declined to intervene in his prior *qui tam* action.

This order finds that Mr. Bruzzone's claims are frivolous, harassing, and brought with no objective good faith expectation of prevailing. His approach is to repeatedly sue Intel using complaints referencing an uncalled-for number of statutes, which forces Intel to incur needless

expense defending itself in court. This is a flagrant abuse of the judicial process and has enabled Mr. Bruzzone to consume a considerable amount of time and resources from Intel, other defendants, the government, Superior Court judges, the California Court of Appeal, and federal judges. Accordingly, this order makes a substantive finding of harassment in light of Mr. Bruzzone's actions.

\* \* \*

The question that remains is whether less drastic sanctions would accomplish the same ends. In particular, our court of appeals has pointed to sanctions under FRCP 11, including:

> nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

*Ringgold-Lockhart*, 2014 WL 3805579, at \*5.

This order finds that monetary sanctions would have little deterrent effect on Mr. Bruzzone's harassing actions. In this action, he has filed an application to proceed *in forma pauperis*, representing under penalty of perjury that he was not presently employed, he was unmarried, and he had "6800 checking 300 savings." In the past, he has also represented to the undersigned judge that he was not in a financial position to fund his actions without government intervention. It may be difficult to collect a penalty or order of attorney's fees and/or expenses from *pro se* Mr. Bruzzone.

This order also finds that nonmonetary directives would not have the weight necessary to deter Mr. Bruzzone from continuing to harass Intel and from needlessly draining resources from the government. Mr. Bruzzone is currently subject to a permanent injunction prohibiting him from commencing communications with and approaching certain Intel personnel. Currently, this permanent injunction expires in October 2015, but may be renewed. Nevertheless, Mr. Bruzzone violated his permanent injunction in 2010 and most recently has asked Intel's in-house counsel to fire attorneys from the law firm of McManis Faulkner.

Having considered alternative sanctions, this order finds that pre-filing review is warranted to tamp down on Mr. Bruzzone's harassing actions and repetitive filing of frivolous claims.

### D. Narrowly Tailored Order.

This order finds a narrowly tailored pre-filing review order is warranted, at least as to any further litigation against Intel. Mr. Bruzzone is hereby **DECLARED A VEXATIOUS LITIGANT**. This is not a bar on bringing lawsuits, but a pre-filing review. Plaintiff must submit to pre-filing review any *pro se* complaint filed in the Northern District of California against Intel Corporation, its current employees, its former employees, Evangelina Almirantearena, Steve Lund, Harley Stock, and/or Andrew Grove. The Clerk shall then forward any complaints submitted by plaintiff to the undersigned for pre-filing review. If the Court ascertains that the complaint is duplicative or frivolous, it will not be filed and will be returned to plaintiff. If the Court finds that the proposed pleading is not duplicative or frivolous, it will be given to the Clerk with instructions to file it.

### CONCLUSION

For the reasons stated herein, defendant's motion to declare plaintiff Michael Bruzzone a vexatious litigant is **GRANTED** as to litigation against Intel and/or its current or former employees. It is hereby ordered that plaintiff may not file, nor the Clerk accept for filing, any further *pro se* complaints from plaintiff against Intel, Evangelina Almirantearena, Steve Lund, Harley Stock, Andrew Grove, and/or any current or former employees of Intel, without obtaining prior leave from the Court. The Clerk shall forward any complaints submitted by plaintiff to the undersigned judge for pre-filing review.

**IT IS SO ORDERED.**

Dated: August 19, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE