UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. BRUZZONE,

                    Plaintiff,

          v.

INTEL CORPORATION, et al.,

                    Defendants.

Case No.  14-cv-1279-WHA

**ORDER**

Before the court is plaintiff Michael A. Bruzzone's motion, directed to the undersigned as Chief Judge of the U.S. District Court for the Northern District of California, seeking an order appointing "special counsel" and initiating "review," through the court's Standing Committee on Professional Conduct, of the conduct of the district judge assigned to the above-entitled action – the Hon. William H. Alsup – and counsel for defendant Intel Corporation.  Plaintiff also requests that Judge Alsup recuse himself from the case pursuant to 28 U.S.C. § 455, and that the case be reassigned to another judge of this court.

This case was filed on March 19, 2014 (Doc. 1).  On May 21, 2014, the court issued an order striking the complaint, with leave to amend (Doc. 51).  Briefly, the basis for striking the complaint was that the court had previously dismissed a False Claims qui tam action filed by plaintiff as the relator, in which the United States had declined to intervene, and in which plaintiff was improperly seeking to proceed pro se; and that the allegations in the present case were substantially similar, and the complaint, which purported to assert antitrust and RICO violations (among others), as well as claims of

1    fraud and negligence, was replete with references to plaintiff as "the relator."

2          The amended complaint – from which plaintiff was directed to remove any

3    references to "relator," "qui tam," or the False Claims Act, or any suggestion that he was

4    acting on behalf of the United States – was due on June 4, 2014.  Plaintiff did not file an

5    amended complaint.  Instead, on June 4, 2014, he filed a motion pursuant to 28 U.S.C.

6    § 144, seeking recusal of Judge Alsup (Doc. 54), which motion was referred to another

7    judge of this court, who denied it on June 17, 2014 (Doc. 58).

8          On June 17, 2014, Judge Alsup issued an order to show cause why the case

9    should not be dismissed for lack of an operative complaint (Doc. 59).  On June 27, 2014,

10   plaintiff filed a response to the order to show cause, in which he asserted that the original

11   complaint should not have been stricken and that amendment was "unnecessary" (Doc.

12   71).  Also on June 27, 2014, defendant Intel Corporation filed a motion seeking an order

13   declaring plaintiff a vexatious litigant (Doc. 61).

14         On June 28, 2014, Judge Alsup issued an order dismissing the action (Doc. 72).

15   Judgment was entered on that same date (Doc. 73).  On July 1, 2014, plaintiff filed a

16   notice of appeal with the Federal Circuit as to the order striking the complaint (Doc. 51),

17   the order denying the recusal motion (Doc. 58), and the order to show cause re dismissal

18   (Doc. 59).  However, plaintiff did not appeal the final judgment.

19         On August 14, 2014, after the motion to declare plaintiff a vexatious litigant was

20   fully briefed, Judge Alsup held a hearing and granted the motion on the record (Doc. 85).

21   Plaintiff did not appear at the hearing.  On August 19, 2014, Judge Alsup issued a written

22   order granting the motion to declare plaintiff a vexatious litigant (Doc. 88).

23         On August 28, 2014, plaintiff filed a motion for reconsideration of the order

24   granting the vexatious litigant motion (Doc. 92).  On September 2, 2014, Judge

25   Alsup denied reconsideration (Doc. 94).  On October 17, 2014, the Federal Circuit issued

26   an order transferring plaintiff's appeal to the Ninth Circuit (Doc. 95).  On November 20,

27   2014, the Ninth Circuit issued an order dismissing the appeal for failure to pay the filing

28   fees (Doc. 98).

United States District Court
Northern District of California

2

1    On August 18, 2015, nearly a year after Judge Alsup had denied the motion for

2    reconsideration, and almost 14 months after entry of final judgment, plaintiff filed a

3    second motion for reconsideration of the vexatious litigant order, combined with a request

4    under Federal Rule of Civil Procedure 60(b) to vacate the judgment (Doc. 102).  On

5    August 24, 2015, Judge Alsup issued an order denying the motion (Doc. 103), with a

6    follow-up order issued on September 1, 2015 (Doc. 104).

7    On  September 8, 2015, plaintiff a motion under Rule 60(b) (Doc. 105), again

8    seeking reconsideration of the vexatious litigant order, and also seeking reconsideration

9    of the order striking the complaint and the order denying the first motion for

10    reconsideration.   On September 22 and October 13, 2015, Judge Alsup again denied

11    reconsideration (Docs. 106, 107).  On November 16, 2015, plaintiff filed a motion that

12    Judge Alsup disqualify himself pursuant to 28 U.S.C. § 455(a) and § 455(b) (Doc. 109).

13    The motion was denied on November 30, 2015 (Doc. 114).

14    On December 15, 2015, plaintiff filed the present motion, alleging violations of Civil

15    Local Rule 11-4, and seeking relief under Civil Local Rule 11-6.  Specifically, plaintiff

16    seeks appointment of a "special counsel" and referral to the court's Standing Committee

17    on Professional Conduct, for review of certain "acts of defendant [sic] attorneys and

18    Judge William Alsup."

19    Local Rule 11 relates to standards applicable to attorneys who practice before this

20    court; it does not apply to judges of this court.  As for Intel's attorneys, plaintiff has

21    provided no facts sufficient to give the undersigned "cause to believe that an attorney has

22    engaged in unprofessional conduct."  Civ. L.R. 11-6(a).  Apart from plaintiff's evident and

23    continuing disagreement with the orders that have issued in this case, his primary

24    complaint at this point appears to be that both Intel's attorneys and Judge Alsup have

25    referred to him as "not a relator."

26    The Ninth Circuit has repeatedly held that pro se plaintiffs are prohibiting from

27    pursuing claims on behalf of others, and specifically may not prosecute False Claims qui

28    tam actions on behalf of the United States unless they are represented by licensed

United States District Court
Northern District of California

counsel.  See, e.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008)

(citing United States of America ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 90 (2nd

Cir. 2008)); see also Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1127

(9th Cir. 2007) ("The FCA itself does not authorize a relator to prosecute a § 3729

violation pro se.").  Thus, as a pro se party, plaintiff cannot pursue a False Claims action

as a "relator" on behalf of the United States.

Accordingly, the motion for referral to the Standing Committee is DENIED.

Further, the court will not entertain any motions for reconsideration of this order.  The

court leaves to Judge Alsup the question whether he should recuse himself or request

reassignment of the case to another judge of this court.


**IT IS SO ORDERED.**

Dated:  December 17, 2015

_____

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

4