United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A BRUZZONE,

Plaintiff,

v.

INTEL CORPORATION, et al.,

Defendants.

No. C 14-01279 WHA

**ORDER DENYING FIFTH MOTION TO DISQUALIFY**

Plaintiff Michael A. Bruzzone moves to disqualify the undersigned (Dkt. No. 181). It is the fifth such motion.

Section 144 of Title 28 of the U.S. Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. ***A party may file only one such affidavit in any case***. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S. Code § 144.

Our Local Rules, meanwhile, provide that:

> Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself ***and found that the affidavit is neither legally insufficient nor interposed for delay***, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

Civil L. R. 3-14.

Plaintiff filed his *first* motion to disqualify the undersigned, "under 28 U.S.C. Section 144," on June 17, 2014 (Dkt. No. 54). That motion was randomly reassigned to Judge Yvonne Gonzalez Rogers pursuant to Section 144 and Local Rule 3-14 (Dkt. No. 57). Judge Gonzalez Rogers denied plaintiff's motion to disqualify (Dkt. No. 58).

Plaintiff filed his *second* motion to disqualify the undersigned, again "pursuant to 28 U.S.C. 144" in 2015 (Dkt. No. 108). The undersigned denied the request as procedurally improper, citing Section 144's instruction that "[a] party may file only one such affidavit in any case" (*ibid*.). No referral for reassignment was made because the motion was, on its face, legally insufficient.

Plaintiff filed his *third* motion to disqualify the undersigned, this time under Section 455, just two weeks after his second request was denied, on November 16, 2025 (Dkt. No. 109). Section 455 provides that a judge should disqualify himself from a proceeding "in which his impartiality might reasonably be questioned," or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," among other reasons 28 U.S.C. § 455(a), (b)(1). The order denying plaintiff's *third* motion explained that Section 455 does not require the sitting judge to refer a motion requesting recusal to another judge, and that "Bruzzone's recourse, which he has already exhausted, was to file a motion under Section 144" (Dkt. No. 114).

United States District Court
Northern District of California

Undeterred, plaintiff filed his *fourth* motion to disqualify the undersigned, this time purportedly under our Local Rules (but really pursuant to Section 455), just one month later, on December 15, 2025 (Dkt. No. 115). The order denying that motion again explained that Section 455 "provide[s] standards for disqualification, but do[es] not authorize motions to disqualify" (Dkt. No. 117).

Plaintiff then took a different tack: he asked then-Chief Judge Phyllis Hamilton to "reverse, strike, set aside" the undersigned's orders. In her order denying the motion, Judge Hamilton explained that "[t]here is no provision in the Federal Rules of Civil Procedure or the Civil Local Rules that would permit one District Judge of this court to 'reverse' an order issued by another District Judge," and stated that she "will not consider any further motions or requests relating to this case or any other case filed by this plaintiff" (Dkt. No. 128).

The present motion is plaintiff's *fifth* request to disqualify the undersigned, again pursuant to Section 455. "Recusal under 28 U.S.C. § 455 is normally undertaken by a Judge sua sponte. However, counsel may bring the issue to a Judge's attention by formal motion or raise it informally at a Case Management Conference or by a letter to the Judge, with a copy to the other parties in the case." Commentary to Civil L.R. 3-14. As explained in response to plaintiff's prior motions, Section 455 does not authorize motions to disqualify. Nor does it call for reassignment of any such motion to another judge. And while Local Rule 3-14 does not "*preclude* a Judge from referring matters arising under 28 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification," it does not require it, either.

As before, plaintiff's motion is **DENIED** without referral for random assignment. *First*, it is procedurally improper, as before. *Second*, the undersigned judge has considered the matter and believes that there is no legitimate basis for recusal in plaintiff's motion or on the record.

* * *

Separate from the above, on June 4, 2025, three court days after he filed the instant (*fifth*) motion for disqualification, plaintiff filed a "Motion to Correct" pursuant to FRCP 60(a)(1), wherein he took issue with the Clerk's failure to docket the motion for disqualification (Dkt. No. 182). Rule 60 provides that "[t]he court may correct a clerical mistake or a mistake arising

United States District Court
Northern District of California

from oversight or omission whenever one is found." Plaintiff's motion is **DENIED**. *First*, the slight delay in the docketing of his manually filed motion does not constitute an "error." *Second*, the issue is moot: the motion for disqualification has now been docketed and denied.

**IT IS SO ORDERED.**

Dated: June 4, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE